UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY J. KING,

                           Petitioner,

    - v -                                              9:23-CV-3
                                                             (LEK/DJS)
HYUN WILLIAMS,

                           Respondent.
_____

**APPEARANCES:**                         **OF COUNSEL:**

Jeremy J. King
Petitioner *Pro Se*
Marcellus, New York 13108

HON. LETITIA JAMES               DANIEL P. HUGHES, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Jeremy J. King was convicted in Marcellus Town Court of two counts of attempted possession of a sexual performance of a child. Dkt. No. 1, Petition ("Pet.") at p. 1.[2] Petitioner was initially sentenced to a term of sixty days incarceration and six years of probation which was later reduced on appeal to three years of probation

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

by the Onondaga County Court. Dkt. No. 5-2, State Court Record ("SR") at pp. 103, 108-09.[3] Petitioner presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the sole ground that the Prosecution violated New York law when it was late in announcing readiness for trial.[4] Pet. at p. 5. Respondent has filed a Memorandum of Law in Opposition to the Petition. Dkt. No. 5, Resp. Mem. of Law. For the reasons that follow, this Court recommends that the Petition be **denied.**

## I. BACKGROUND

Petitioner was initially charged with possessing a sexual performance by a child by an accusatory instrument filed on December 12, 2018. SR at p. 104. On June 20, 2019, the Prosecution reduced the felony charge to the misdemeanor charge of attempted possession of a sexual performance by a child, and the matter was remitted from County Court to Marcellus Town Court. SR at pp. 23, 25, & 104-05. At the same time, the Prosecution announced its readiness for trial. *Id.* at p. 23 After Petitioner was arraigned on the reduced charges on July 16, 2019, his counsel moved to dismiss the accusatory instrument upon, among other grounds, a speedy trial violation under New York Criminal Procedure Law § 30.30. SR at pp. 6, 105. Judge Dailey of the Marcellus Town Court denied this motion. SR at p. 42. A jury trial was held on December 4 and 5, 2019, in Marcellus Town Court where Petitioner was found guilty. SR at p. 103.

---

[3] Citation to the state court record is in the form "SR" followed by the page number assigned by the Court's CM/ECF system.

[4] Petitioner asserted a second ground for relief in his petition. Pet. at p. 8. However, District Court Judge Lawrence E. Kahn previously dismissed that claims as unexhausted. Dkt. No. 3 at pp. 2-3.

On February 5, 2020, Petitioner appealed to Onondaga County Court arguing that (1) the lower court erred in denying Petitioner's motion to dismiss for a violation of his speedy trial rights, (2) the verdict was based on legally insufficient evidence, and (3) the sentence was harsh and excessive. SR at pp. 44-68. In a Decision and Order dated June 11, 2021, Judge Dougherty of Onondaga County Court held that the trial court did not err in denying Petitioner's motion to dismiss and that Petitioner was convicted upon evidence which was legally sufficient to establish guilt beyond a reasonable doubt. SR at pp. 106-07. However, the court did find Petitioner's sentence harsh and excessive and resentenced him to three years of probation. SR at pp. 108-09.

On August 17, 2021, Petitioner sought leave to appeal to the New York Court of Appeals which was denied on October 4, 2021. SR at pp. 110-14, 117.

On December 30, 2022, Petitioner executed a petition seeking a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Petitioner's remaining ground for relief is based on the prosecution's alleged violation of section 30.30 of New York's Criminal Procedure Law, under which the prosecution must announce their readiness for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony."

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003

3

WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413.  A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

#### A. N.Y. Crim. Proc. Law § 30.30 Claim

"[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Federal courts reviewing petitions of habeas corpus cannot re-examine the determinations of state courts on state law issues.  *Guerrero v. LaManna*, 325 F. Supp. 3d 476, 483 (S.D.N.Y. 2018); *see also* 28 U.S.C. § 2254.  Instead, their role is to only examine federal constitutional or statutory claims.  *Guerrero v. LaManna*, 325 F. Supp. 3d at 483

Petitioner's sole claim for relief is rooted in a violation of a state criminal procedure law which is a state protection outside the scope of federal habeas corpus review. "[T]o the extent that [Petitioner] raises speedy trial violations based on New York criminal procedural law, a state statutory protection, his claim is not cognizable on federal habeas review. Accordingly, any CPL § 30.30 speedy trial claim is not a basis for relief in this Court." *Baker v. New York*, 2021 WL 4312447, at *6 (N.D.N.Y. July 22, 2021), *report and recommendation adopted*, 2021 WL 3560787 (N.D.N.Y. Aug. 12, 2021) (quoting *McCray v. Capra*, 2017 WL 3836054, at *10 (N.D.N.Y. Aug. 31, 2017)); *see also Rodriguez v. Superintendent, Collins Corr. Facility*, 549 F. Supp. 2d 226, 236 (N.D.N.Y. 2008).

### B. Any Sixth Amendment Speedy Trial is Unexhausted

Even if Petitioner intended to assert a constitutional violation, that claim is unexhausted and therefore unavailable. "A New York § 30.30 statutory claim is distinct from a Sixth Amendment speedy trial claim." *Walker v. Bennett*, 262 F. Supp. 2d 25, 30 (W.D.N.Y. 2003). "Courts in the Second Circuit have held that raising a N.Y. C.P.L. § 30.30 claim in state court does not exhaust a federal constitutional speedy trial claim." *Parrish v. Lee*, 2015 WL 7302762, at *12 (S.D.N.Y. Nov. 18, 2015) (citing cases). Section 30.30 is "purely a creature of New York state statute and does not protect a federal constitutional right." *Id.* at *11. To exhaust this claim, Petitioner would have had to: (1) raise the claim in state court before raising it in a habeas corpus petition and (2) "fairly present" the claim to the state's highest court "in the same factual and legal context in

which it appears in the habeas petition." *Rodriguez v. Superintendent, Collins Corr. Facility*, 549 F. Supp. 2d at 237.

Petitioner briefly cited the Sixth Amendment in his motion to dismiss in Town Court but failed to raise it again. SR at p. 6. Under federal law, a habeas petitioner must present all federal claims to the state courts in order to pursue relief by way of habeas corpus.

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. N.Y. Att'y Gen.*, 696 F.2d 186, 194 (2d Cir. 1982). Petitioner failed to fairly present a Sixth Amendment speedy trial claim under any of these methods.

First, Petitioner cites the Sixth Amendment right to a speedy trial only once throughout the record and failed to raise it in either his appeal to Onondaga County Court or his application for leave to appeal to the Court of Appeals. SR at p. 6. Petitioner "expressly urge[d] that leave to appeal be granted to review the issues raised in the briefs submitted below for all issues raising a federal question." SR at pp. 113-14. However, courts in this Circuit "have rejected the notion that snippet mention of [the Sixth Amendment] constitutes fair presentation," and thus Petitioner's sole reliance on his section 30.30 claim with only passing reference to the Sixth Amendment is not enough to

7

satisfy fair presentation. *Yampierre v. Phillips*, 2010 WL 744526, at *10 (E.D.N.Y. Mar. 1, 2010).

Second, Petitioner did not rely on either "pertinent federal cases employing constitutional analysis" or "state cases employing constitutional analysis in like fact situations." *Daye v. N.Y. Att'y Gen.*, 696 F.2d at 194. In his application seeking leave to appeal, Petitioner cited one federal case, *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). SR at p. 113. That case, however, did not address speedy trial rights, *O'Sullivan v. Boerckel*, 526 U.S. at 840-41, and Petitioner's vague request for appeal to be granted for "all issues raising a federal question," without more, does not amount to *reliance* on "pertinent federal cases employing constitutional analysis." *Daye v. N.Y. Att'y Gen.*, 696 F.2d at 194; SR at p. 114. Finally, Petitioner did cite state cases in his motion to dismiss, County Court appeal, and leave application, but none analyze the Sixth Amendment in similar fact situations, nor were they cited for their relevance to a constitutional speedy trial violation.

Third, Petitioner's claim was not asserted "in terms so particular as to call to mind a specific right protected by the Constitution." *Daye v. N.Y. Att'y Gen.*, 696 F.2d at 194. The Second Circuit explained that "the state court will be alerted to the constitutional nature of a claim if the defendant has claimed the deprivation of a particular right specifically protected by the Constitution." *Id.* at 193. A section 30.30 claim does not alert the states courts to a constitutional speedy trial claim as it is not the substantial

equivalent of a federal speedy trial claim and therefore Petitioner fails to meet this criterion. *See, e.g.*, *Parrish v. Lee,* 2015 WL 7302762, at *15 (S.D.N.Y. Nov. 18, 2015).

Fourth, Petitioner did not allege "a pattern of facts that is well within the mainstream of constitutional litigation." *Daye v. N.Y. Att'y Gen.*, 696 F.2d at 194. If "the claim is based on a fact pattern not theretofore commonly thought to involve constitutional constraints, there is usually little reason to believe the courts were alerted to its supposed constitutional nature." *Id.* at 193. Section 30.30 "addresses only the problem of prosecutorial readiness [and] is not a speedy trial statute in the constitutional sense." *People ex rel. Wesley v. Riordan*, 2005 WL 2148959, at *2 (E.D.N.Y. Sept. 7, 2005) (quoting *People v. Anderson*, 66 N.Y.2d 529, 535 (1985)). Petitioner alleged only the unique facts relevant to his particular state law timeliness which New York's highest court has adjudged to be separate from a federal constitutional speedy trial claim. *See People v. Anderson*, 66 N.Y.2d at 535. Therefore, the pattern of facts alleged cannot be "well within the mainstream of constitutional litigation." *Daye v. N.Y. Att'y Gen.*, 696 F.2d at 194.

### C. Any Speedy Trial Claim Also Fails on the Merits

Even if Petitioner stated a constitutional speedy trial violation and it had had been exhausted, he would still not be entitled to relief on the merits.

For Sixth Amendment speedy trial claims, the Supreme Court, set forth four factors to "be considered together with such other circumstances as may be relevant." *Barker v. Wingo*, 407 U.S. 514, 533 (1972). These factors are: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more

to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. at 530).

Petitioner must first have alleged "that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Id.* at 651-52 (quoting *Barker v. Wingo*, 407 U.S. at 530). Here, the alleged delay was only one day. *See* Pet. at p. 5. Delays of significantly longer duration then present here have been found to not constitute a speedy trial violation. *See Flowers v. Warden, Connecticut Corr. Inst., Somers*, 853 F.2d 131, 133 (2d Cir. 1988) (19 months); *Irvis v. Haggat*, 2015 WL 6737031, at *16 (N.D.N.Y. Nov. 3, 2015) (collecting Second Circuit cases finding no speedy trial violation in delays of 17, 24, 33, and 58 months).

"The second factor, the reason for the delay in bringing the defendant to trial, asks us to consider whether the delay was deliberate, neutral, or valid." *United States v. Black*, 918 F.3d 243, 260 (2d Cir. 2019). However, delays resulting from negligence by the prosecution are weighed less heavily than intentional attempts to delay the trial. *Doggett v. United States*, 505 U.S. at 657. And significantly, Petitioner offers no evidence of intentional delay on the part of the prosecutor. *See United States v. Black*, 918 F.3d at 260. Petitioner did timely assert his right to a speedy trial through his trial motion to dismiss which satisfies the third factor.

Even assuming the first three factors weighed in favor of Petitioner, he has not shown any prejudice caused by the delay. The Supreme Court identified three "interests of defendants which the speedy trial right was designed to protect," the last of which

being the most serious. *Barker v. Wingo*, 407 U.S. at 532. These interests are: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* Petitioner makes no allegations as to any of the three interests identified by the Supreme Court and instead asserted prejudice solely on the grounds that "[d]ue to the nature and purpose of CPL 30.30, harm through delay is presumed and prejudice need neither be plead nor proven for relief to be granted." SR at pp. 58-59. Petitioner was granted pretrial release just six days after his arraignment, Dkt. No. 5-3 at p. 16, and has not alleged any anxiety or concern following his arrest or any impairments to his defense due to the delay.

"In the absence of a showing of prejudice, courts generally will not find a speedy trial violation unless all of the remaining *Barker* factors weigh heavily in favor of the appellant." *Dunavin v. Leonardo,* 1997 WL 151771, at *3 (N.D.N.Y. Mar. 31, 1997) (citing *Rayborn v. Scully*, 858 F.2d 84, 94 (2d Cir. 1988)). Petitioner has not made such a showing here. *Id.*

The Court, therefore, recommends that the Petition be denied.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  December 14, 2023
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").