UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JEREMY J. KING,

                              Petitioner,

      -against-                                            9:23-CV-3 (LEK/DJS)

HYUN WILLIAMS,

                              Respondent.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On January 3, 2023, Petitioner Jeremy J. King filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Petitioner alleges that, during the prosecution of his criminal case, the prosecution violated section 30.30 of New York's Criminal Procedure Law by announcing their readiness for trial outside of the six-month time period required by statute. <u>See id.</u> at 3. Respondent Hyun Williams answered the Petition on August 24, 2023. Dkt. No. 5. Petitioner did not file a traverse.

On December 15, 2023, the Honorable Daniel J. Stewart, United States Magistrate Judge, filed a report and recommendation recommending that the Petition be denied and dismissed. Dkt. No. 7 ("Report and Recommendation"). Neither party filed objections to the Report and Recommendation.

For the reasons discussed below, the Report and Recommendation is approved and adopted in its entirety.

**II.    BACKGROUND**

The Court assumes familiarity with the facts stated in the Petition, as discussed in the Report and Recommendation. See R. & R. at 2–3.

In the Report and Recommendation, Judge Stewart reviewed the parties' arguments and applicable law and concluded that "Petitioner's sole claim for relief is rooted in a violation of a state criminal procedure law which is a state protection outside the scope of federal habeas corpus review." Id. at 6. Judge Stewart noted that, "[e]ven if Petitioner intended to assert a constitutional violation [under the Sixth Amendment], that claim is unexhausted and therefore unavailable." Id. Additionally, Judge Stewart found that any constitutional speedy trial claim Petitioner filed would fail on the merits. See id. at 9–11. Accordingly, Judge Stewart recommended that the Petition be denied and dismissed. See id. at 11.

Neither party has filed objections to the Report and Recommendation.

## III.  LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1(b). "When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a 'de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Walker v. Artus, 998 F. Supp. 2d 18, 24 (N.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)). However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when

upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (internal citations omitted). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

Since no party objected to the Report and Recommendation, the Court reviews for clear error. See DiPilato, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

Judge Stewart recommended that the Court not issue a Certificate of Appealability ("COA") "because Petitioner has failed to make a 'substantial showing of the denial of a constitutional right' as required by 28 U.S.C. § 2253(c)(2)." R. & R. at 12; see id. at 12 n.5 (collecting cases). Upon this recommendation, the Court does not issue a COA.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that the Report and Recommendation, Dkt. No. 7, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Petition, Dkt. No. 1, is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability is issued; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	June 11, 2024
	Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge